TROY COLD STORAGE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

DROSTE & SNYDER CO., INC., PETITONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LAWLOR & CAVANAUGH CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 11024, 11025, 11026.   Promulgated September 29, 1927.

The petitioners held not to be affiliated with Rock Island Butter Co. and Fairmont Creamery Co. for the fiscal year ending March 31, 1920.

*H. A. Mihills, C. P. A.*, for the petitioners.
*P. J. Rose, Esq.*, for the respondent.

These are proceedings for the redetermination of deficiencies in income and profits tax for the fiscal year ended March 31, 1920, as follows:

| | |
|---|---:|
| Troy Cold Storage Co | $146.84 |
| Droste & Snyder Co., Inc | 5,877.64 |
| Lawlor & Cavanaugh Co | 937.00 |
| | 6,961.48 |

The proceedings were consolidated for the hearing and decision. The single issue raised relates to the affiliation status of the petitioners with the Rock Island Butter Co. and the Fairmont Creamery Co. for the fiscal year ended March 31, 1920.   Separate returns were originally filed on behalf of each of the petitioners, but under instructions of the Commissioner an amended return was filed in the form of a consolidated income-tax return for the fiscal year involved.   A subsequent investigation was made by the Commissioner with respect to the affiliation status of the petitioners and three associated companies, with the result that the Commissioner held that the petitioners and W. W. Reed Co. were affiliated for the fiscal year ended March 31, 1920, but that the Rock Island Butter Co. and the Fairmont Creamery Co. were not affiliated with each other or with the petitioners or W. W. Reed Co.   The W. W. Reed Co. sustained a net loss for the fiscal year ended March 31, 1920, and is, therefore, not a direct party to these appeals.

FINDINGS OF FACT.

Droste & Snyder, Inc., is engaged in the business of buying and selling dairy products.   It purchases butter, eggs, etc., as far west as the Pacific Coast.   The larger portion of its purchases is made in the Middle West and in the States of Ohio, Illinois and Indiana. The products are marketed through either Droste & Snyder, Inc.,

or through Lawlor & Cavanaugh Co., located at Troy, N. Y., or the W. W. Reed Co., located at Albany, N. Y.

Droste & Snyder, Inc., hereinafter referred to as the parent company, was incorporated in 1914, succeeding a predecessor copartnership which had been in existence for the previous 20 years. In 1903 it acquired a stock interest in the Fairmont Creamery Co., located at Fairmont, Minn., which had been in business during the preceding 3 or 4 years. The Fairmont Creamery Co. had been operated by three individuals, one of whom owed Droste & Snyder, Inc., a considerable sum of money, and upon whose failure the debt was extinguished by the acquisition of his 10 shares of stock. When this company became involved one Fowler, secretary-treasurer of the company, called upon Droste & Snyder, Inc., and laid a proposition before it to take over the controlling interest in the business. Fowler stated to J. F. Hoff, special representative of Droste & Snyder, Inc., in these negotiations, that he was entirely in their hands and would turn the business right over to Droste & Snyder, Inc. He was thereafter guided by instructions received from the parent company.

The entire output of the Fairmont Creamery Co. was taken by the parent company, either through its house in New York City or under special shipping instructions the product was sent to certain definite points.

The Rock Island Butter Co. was organized under the laws of the State of Michigan, in 1903, and continued in the marketing of dairy products until 1910 when the business was reorganized and incorporated under the laws of the State of Ohio. The total authorized and outstanding capital stock of this company was, in 1910, 150 shares of an aggregate par value of $15,000. Fifty shares of this stock were owned by Samuel J. Bailey, secretary-treasurer of the company, and the remaining 100 shares were owned by Tiedtke Brothers. Bailey made a proposal to J. F. Hoff of the parent company that it should acquire the stock owned by Tiedtke Brothers and thereby secure the control and management of the business. This proposition was accepted and the capital stock of the company was increased from $15,000 to $50,000. Of the increased amount of stock the parent company acquired $25,000 and an additional 50 shares were issued to Samuel J. Bailey for which he gave his note for $5,000. During 1911 or 1912, $1,000 was credited by way of dividends to Bailey's note, and an additional amount of $400, representing accumulated credits on Bailey's account, was applied against the note in 1914. The note had been issued in favor of Droste & Snyder, Inc., but in 1916 Charles Droste took up the note personally, his estate holding the same at the date of hearing. The note is secured by the $5,000 of capital stock as collateral. No interest has ever been paid by Bailey on the note.

During the fiscal year ended March 31, 1920, Droste & Snyder, Inc., owned 71½ per cent of the total outstanding stock of the Rock Island Butter Co., the remaining 28½ per cent being owned by the manager of the company. Droste & Snyder, Inc., also owned 73 per cent of the total outstanding stock of the Fairmont Creamery Co., the remaining 27 per cent being owned by the manager of that company.

Set out in graphic form, the stock ownership of the six associated companies during the taxable year involved is as follows:

| Stockholder | Droste & Snyder, Inc. | Lawlor & Cavanaugh | Troy Cold Storage Co. | W. W. Reed Co. | Rock Island Butter Co. | Fairmont Creamery Co. |
|---|---|---|---|---|---|---|
| Six individuals owning no stock in the other companies | Per cent 100 | Per cent | Per cent | Per cent | Per cent | Per cent |
| Droste & Snyder, Inc. | | 99.5 | | | 71.5 | 73 |
| Qualifying shares | | .5 | | | | |
| Lawlor & Cavanaugh Co. | | | 93 | 80 | | |
| Julius Haller | | | 6 | | | |
| Qualifying shares | | | 1 | | | |
| S. J. Bailey | | | | | 28.5 | |
| J. H. Fowler | | | | 20 | | 27 |
| Minority stockholders | | | | (20) | | |
| | 100 | 100 | 100 | 100 | 100 | 100 |

The officers of the companies were as follows:

| Office | Droste and Snyder, Inc. | Rock Island Butter Co. | Fairmont Creamery Co. |
|---|---|---|---|
| President | Chas. F. Droste | John F. Huff | John F. Huff. |
| Vice president | J. H. Snyder / H. Snyder | J. H. Snyder | D. G. Owen. |
| Secretary-treasurer | A. H. Lewis | S. J. Bailey | J. H. Fowler. |

Article XIII of the by-laws of the Fairmont Creamery Co. reads as follows:

Section I. Shares of stock of this Corporation may be transferred at any time by the holders hereof, by Attorney in fact legally constituted, or by endorsement on the certificate of stock. But no transfer shall be binding upon the Corporation until the surrender of the certificate, and the acknowledgment of such transfer by the person to whom transferred, on the books of the Corporation. All shares offered for Sale shall first be offered to the remaining share holders and if they conclude to buy they may have sixty days to pay for same.

A common understanding existed among all of the stockholders that any stock available for sale in the Rock Island Butter Co. or the Fairmont Creamery Co. was first to be offered for sale to Droste & Snyder, Inc. This same arrangement existed with respect to the Rock Island Butter Co. when Tiedtke Brothers had the controlling interest prior to the entry of Droste & Snyder, Inc.

OPINION.

SMITH: The respondent has held that the petitioners and W. W. Reed Co. were affiliated for the fiscal year ended March 31, 1920. The petitioners contend that the Rock Island Butter Co. and the Fairmont Creamery Co. should also be included in the affiliated group. This claim is predicated mainly upon the proposition that Droste & Snyder, Inc., and the Fairmont Creamery Co. and Rock Island Butter Co. were closely allied in operation as an economic unit; that the companies had an interlocking directorate under which the Fairmont Creamery Co. and Rock Island Butter Co. operated solely under specific orders issued through John F. Huff of the parent company.

The law applicable to the determination of the issue involved herein is found in section 240 of the Revenue Act of 1918, the pertinent part of which reads as follows:

SEC. 240. (b) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.

We think it very clear that the evidence does not warrant a finding of fact that substantially all of the stock of two or more interests is owned or controlled by the same corporations, within the meaning of subdivision (2) of the above provision of law. Furthermore, the evidence does not show that the parent corporation owned directly or had any control through closely affiliated interests of 28½ per cent of the outstanding stock of the Rock Island Butter Co. and of 27 per cent of the outstanding stock of the Fairmont Creamery Co. So far as appears from the record, the holders of the uncontrolled stock were free to vote it in any manner in which they saw fit and indeed, the evidence shows that in some instances the holders protested to the parent company with respect to the way the Rock Island Butter Co. and the Fairmont Creamery Co. were operated. Although no particular percentage can be interpreted as amounting to substantially all of the stock of a company, as was said in the *Appeal of Rishell Phonograph Co.*, 2 B. T. A. 229, we are clearly of the opinion that in the circumstances which obtain in this case ownership or control of the 71½ per cent of the stock of the Rock Island Butter Co. and of 73 per cent of the Fairmont Creamery Co. by the parent company, can not be considered substantially all of such stock within the meaning of the statute. See *Wadhams & Co.*, 2 B. T. A. 569; *Goldstein Bros. Amusement Co.*, 3 B. T. A. 408; *Greenville Coaling & Export Corporation*, 4 B. T. A. 183.

*Judgment will be entered for the respondent.*

Considered by LITTLETON and LOVE.